NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT JAMES SWINT, <br><br> Plaintiff, <br><br> v. <br><br> BUSH BOAKE ALLEN, et al., <br><br> Defendants. | Civil Action No. 21-6182(SDW)(AME) <br><br> **WHEREAS OPINION** <br><br> May 17, 2021 |

**THIS MATTER** having come before this Court upon the filing of an Application to Proceed in District Court Without Prepaying Fees Or Costs by *pro se* Plaintiff Robert James Swint ("Plaintiff") and an appeal of this Court's April 15, 2021 Order dismissing Plaintiff's Complaint; and

**WHEREAS** Plaintiff initially filed his Complaint without an application to proceed *in forma pauperis* ("IFP") and without the required filing fee; as a result, his Complaint was dismissed. (D.E. 1, 2, 3.) Plaintiff subsequently filed for IFP and sought to have his Complaint reinstated.[1] (*See* D.E. 4, 5.) This Court now reviews the substance of Plaintiff's IFP application as well as the sufficiency of the Complaint pursuant to Fed. R. Civ. P. 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); and

---

[1] Plaintiff styles his request as an "appeal" although there is no indication it was filed with the United States Court of Appeals for the Third Circuit. Rather, this Court treats Plaintiff's filing as a request to reopen his case.

**WHEREAS** applications to proceed *in forma pauperis* are available to plaintiffs or petitioners in order to be excused from paying certain fees for district court proceedings, including those required to commence a civil action; and

**WHEREAS** Plaintiff's application to proceed without prepayment of fees and costs, indicates that he has no income and no assets other than a minimal amount of public assistance (D.E. 4); and

**WHEREAS** Plaintiff's Complaint is largely incoherent and partially illegible, but appears to assert some type of decades-long conspiracy between: Bush Boake Allen, Inc., a manufacturer of fragrance and aroma chemicals; International Paper, a pulp and paper company; the Federal Bureau of Investigation ("FBI"); and the Department of Justice ("DOJ") relating to 9/11, various military operations, and COVID. (*See generally* D.E. 1.) Plaintiff seeks relief in the form of "an apology . . . a plan so I can stop worrying, [and] a home," the legalization of "progress," love, methamphetamine, and sodomy, and the criminalization of "murder" (*id.*); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** Plaintiff's Complaint fails to provide a clear narrative of either the factual or legal basis for his claims. Therefore, the facts alleged in Plaintiff's Complaint are insufficient to support a claim entitling Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"). As a result, this Court will grant Plaintiff's IFP application and *sua sponte* dismiss his Complaint with prejudice. An appropriate Order follows.

    /s/ Susan D. Wigenton
**United States District Judge**

Orig: Clerk
cc: Parties
    André M. Espinosa, U.S.M.J.